IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


SHEPARD V. BAUERS


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


GEORGE SHEPARD, APPELLANT,

V.

TYLYNNE BAUERS AND STEPHEN O'NEILL, APPELLEES.


Filed March 27, 2018.    No. A-17-273.


Appeal from the District Court for Madison County: JAMES G. KUBE, Judge. Affirmed.

George Shepard, pro se.

Douglas J. Peterson, Attorney General, and James D. Smith, Solicitor General, for appellees.


RIEDMANN and BISHOP, Judges, and INBODY, Judge, Retired.

INBODY, Judge, Retired.

### INTRODUCTION

George Shepard, an individual committed for treatment under the Sex Offender Commitment Act (SOCA), appeals from Madison County District Court's denial of his writ of habeas corpus.

### STATEMENT OF FACTS

Shepard was convicted of first degree sexual assault on a child, second offense, and manufacturing child pornography. These crimes involved Shepard subjecting a 3-year-old victim to oral-vaginal contact and penile-vaginal penetration. Additionally, an adult female took pictures of the acts as they were occurring. In 1990, Shepard was sentenced to 50 years' imprisonment on the convictions. These convictions brought into play the then-existing, and since repealed, Mentally Disordered Sex Offender Act (MDSO), formerly Neb. Rev. Stat. § 29-2911 et seq.

(Reissue 1989) (repealed by 1992 Neb. Laws, L.B. 523, § 18). At sentencing, the district court found that Shepard was not a mentally disordered sex offender and, even if he was a mentally disordered sex offender, he was not treatable.

Once Shepard's sentence of incarceration ended in May 2015, the Fourth Judicial District Mental Health Board found that Shepard was a dangerous sex offender under SOCA and found that inpatient treatment was the least restrictive treatment alternative. The following year, Shephard filed an amended petition for writ of habeas corpus in the Madison County District Court challenging his commitment and a hearing thereon was held in July 2016. Shepard testified that he is presently confined at the Norfolk Regional Center and he believed that said confinement is illegal.

The State called Dr. Stephen O'Neill, the clinical director at the Norfolk Regional Center and attending psychiatrist for Shepard, who testified that Shepard is under a civil commitment after he was determined to be dangerous and had a diagnosis of pedophilia. O'Neill testified that Shepard's commitment was unrelated to his criminal convictions and is based upon Shepard's behavior prior to his incarceration. According to O'Neill, his professional opinion is that the least restrictive alternative for Shepard is inpatient treatment due to risk factors in his treatment plan which include Shepard's sexual deviancy; few positive social influences in his life while living in the community; association with people who committed sex crimes and used drugs; demonstrating hostility toward women and blaming women for his legal troubles; lack of social support; repeated sexual assault convictions; problems with impulsivity; sexual preoccupation; deviant sexual interest in young female children; poor problem-solving skills as evidenced by his willingness to come up with rent money by producing child pornography; negative emotionality including often thinking that groups are conspiring against him; repeated legal troubles and failure to complete treatment while in prison; and demonstrating poor cooperation with supervision.

Exhibit one included two psychological evaluations of Shepard conducted in 2015. One psychological evaluation of Shepard dated March 3, 2015, stated that "[a]t this time, Mr. Shepard should be considered an untreated sex offender and he does meet criteria as a dangerous sex offender per Nebraska Revised Statutes." A second psychological evaluation of Shepard, dated on May 3, stated that Shepard met the criteria to be classified as a dangerous sex offender according to Nebraska Revised Statutes and he met the criteria for a diagnosis of pedophilia and personality disorder and offered the clinical opinion that Shepard was in need of sex offense specific treatment in an inpatient setting based on his treatment needs and the safety needs of the community.

Following the hearing, the district court denied Shepard's request for a writ of habeas corpus finding that there was insufficient evidence to conclude that his present inpatient treatment was inappropriate or that the same treatment could be provided with the same degree of success or effectiveness in an outpatient setting.

## ASSIGNMENTS OF ERROR

Shepard's assignments of error, consolidated and restated, are that the district court erred (1) in failing to find that the 1990 determination that he was not a mentally disordered sex offender was a bar to the 2015 proceedings in which he was found to be a dangerous sex offender under SOCA and (2) failing to find that application of SOCA was an ex post facto violation.

STANDARD OF REVIEW

On appeal of a habeas corpus petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo. *Buggs v. Frakes*, 298 Neb. 432, 904 N.W.2d 664 (2017).

ANALYSIS

*District Court Erred in Applying SOCA.*

Shepard contends that the district court erred in failing to find that the 1990 determination that he was not a mentally disordered sex offender was a bar to the 2015 proceedings in which he was found to be a dangerous sex offender under SOCA.

The doctrine of res judicata, or claim preclusion, bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *In re Interest of D.H.*, 281 Neb. 554, 797 N.W.2d 263 (2011). The applicability of the doctrine of res judicata is a question of law, as to which we are obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

The same issue raised by Shepard was addressed by the Nebraska Supreme Court in *In re Interest of D.H., supra*, wherein D.H. contended that a 1991 determination wherein he was found not to be a mentally disordered sexual offender was a bar to proceedings in 2010 in which he was found to be a dangerous sex offender under SOCA. Prior to 1992, MDSO defined a "mentally disordered sex offender" as "any person who has a mental disorder and who, because of the mental disorder, has been determined to be disposed to repeated commission of sexual offenses which are likely to cause substantial injury to the health of others." *Id.*; § 29-2911(2) (repealed by 1992 Neb. Laws, L.B. 523, § 18). If an offender met this definition at the time of sentencing and it was determined that the disorder was treatable, the offender was immediately committed to a regional center for treatment prior to serving a sentence of incarceration. *In re Interest of D.H., supra*; Neb. Rev. Stat. § 29-2915 (Reissue 1989) (repealed by 1992 Neb. Laws, L.B. 523, § 18). After receiving the maximum benefit of treatment, the offender was returned for further disposition by the sentencing court and received credit for the time spent in treatment. *In re Interest of D.H., supra*; Neb. Rev. Stat. § 29-2919 (Reissue 1989) (repealed by 1992 Neb. Laws, L.B. 523, § 18). In contrast, "[t]he purpose of SOCA 'is to provide for the court-ordered treatment of sex offenders who have completed their sentences but continue to pose a threat of harm to others.'" *In re Interest of D.H.*, 281 Neb. at 564, 797 N.W.2d at 271 quoting Neb. Rev. Stat. § 71-1202 (Reissue 2009). Thus, our Supreme Court held "Nebraska's former MDSO statutes and its current SOCA statutes provide for assessment of an offender's mental health and risk of recidivism at different times and for different purposes. While the MDSO determination may be relevant to the subsequent SOCA issue, it is not conclusive." *In re Interest of D.H.*, 281 Neb. at 564, 797 N.W.2d at 271. Issues presented in a SOCA proceeding were not, and could not, have been litigated in an earlier MDSO determination and the doctrine of res judicata is not applicable. See *In re Interest of D.H., supra*.

Since the issues presented at Shepard's SOCA proceedings were not, and could not, have been litigated in his 1990 MDSO determination, the doctrine of res judicata is not applicable and his assigned error is without merit.

*Ex Post Facto Violation.*

Shepard contends that application of SOCA was an ex post facto violation. However, this argument has been rejected by the Nebraska Supreme Court which has held that SOCA does not violate the ex post facto clause. *In re Interest of D.V.*, 277 Neb. 586, 763 N.W.2d 717 (2009); *In re Interest of J.R.*, 277 Neb. 362, 762 N.W.2d 305 (2009). Thus, this assignment of error is without merit.

## CONCLUSION

Having considered and rejected Shepard's assignments of error, the order of the district court is affirmed.

AFFIRMED.